# MASON, GRIFFIN & PIERSON
A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

101 POOR FARM ROAD
P.O. BOX 391
PRINCETON, NEW JERSEY 08542

TELEPHONE: (609) 921-6543
FACSIMILE:  (609) 683-7978

mgp@mgplaw.com
www.mgplaw.com

RALPH S. MASON (1913-1988)
GORDON D. GRIFFIN
KESTER R. PIERSON
EDWIN W. SCHMIERER
CRAIG H. DAVIS (1947-1997)
KRISTINA P. HADINGER
DONALD B. VEIX, JR.†
CHARLES F. HARRIS
EDMOND M. KONIN*
VALERIE L. HOWE*
SHAWN M. NEUFELD†
TRISHKA WATERBURY†
GEORGIA M. FRASER†
LISA M. RANDAZZESE†
ALLISON S. ZANGRILLI*
RAYMOND M. KANG†
KEVIN P. McMANIMON
JASON J. BUNDICK†

WILLIAM P. DENI ✱
LISA MARIE ALBANO¹
32 Church Street
Flemington, NJ 08822

Telephone: (908) 782-2900
Facsimile:  (908) 782-2428
E-mail: denilaw@erols.com

ALLEN N. GROSSMAN ✱
Princeton Office

✱ OF COUNSEL

ALSO ADMITTED IN:
¹PA        °NY
*FL        •VA

February 3, 2004

United States District Court
District of New Jersey Trenton
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State St.
Trenton, NJ 08608

    Re:    **Lucienne J. Wolfson v. James A. Williamson and Hamilton Township**

Dear Sir/Madam:

I enclose herewith the following documentation in this matter:

1. Original and two copies of Complaint and Jury Demand;

2. Original and two copies of Civil Cover Sheet;

3. My firm's check in the amount of $150.00 to cover your filing fee in this matter; and

4. Disc containing the within documents in PDF format.

Kindly file the aforesaid Complaint and Civil Cover Sheet, and return to me a "filed" copy of same in the enclosed envelope.

I thank you for your anticipated cooperation in this matter.

                                  Very truly yours,

                                  Charles F. Harris
                                  Email: cfharris@mgplaw.com
                                  Direct Dial: 609/456.1206

CFH:an
Enclosures

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Lucienne J. Wolfson

**DEFENDANTS**

James A. Williamson and Hamilton Township
2090 Greenwood Ave., CN 00150
Hamilton, NJ 08650-0150

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Mercer
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Mercer
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Mason, Griffin & Pierson, PC
101 Poor Farm Road
Princeton, NJ 08540    609-921-6543

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | PERSONAL INJURY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 362 Personal Injury — Med. Malpractice | ☐ 650 Airline Regs. | ☐ 830 Patent | |
| | ☐ 365 Personal Injury — Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | LABOR | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 340 Marine | ☐ 370 Other Fraud | | |
| ☐ 195 Contract Product Liability | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY |
| | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) |
| REAL PROPERTY | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |
| ☐ 210 Land Condemnation | ☒ 360 Other Personal Injury | | | ☐ 863 DWC/DIWW (405(g)) |
| ☐ 220 Foreclosure | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) |
| ☐ 240 Torts to Land | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/Accommodations | ☐ 530 General | | FEDERAL TAX SUITS |
| ☐ 290 All Other Real Property | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 |
| | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | |
| | | ☐ 555 Prison Condition | | ☐ 891 Agricultural Acts |
| | | | | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 893 Environmental Matters |
| | | | | ☐ 894 Energy Allocation Act |
| | | | | ☐ 895 Freedom of Information Act |
| | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | ☐ 950 Constitutionality of State Statutes |
| | | | | ☐ 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. §§ 1983 & 1988 and the Fourth and Fourteenth Amendments to te United States Constitution

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE: February 3, 2004

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

MASON, GRIFFIN & PIERSON, P.C.
101 Poor Farm Road
P. O. Box 391
Princeton, NJ 08542-0391
(609) 921-6543
**Attorneys for Plaintiff, Lucienne Wolfson**
By: Charles F. Harris [4405]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUCIENNE J. WOLFSON,<br><br>  Plaintiff,<br><br>vs.<br><br>JAMES A. WILLIAMSON, individually and in his official capacity, and HAMILTON TOWNSHIP,<br><br>  Defendants. | CIVIL ACTION NO.:<br><br><br><br>**COMPLAINT** |

Plaintiff, Lucienne J. Wolfson, by way of Complaint against Defendants, James A. Williamson, individually and in his official capacity, and Hamilton Township, hereby states as follows:

## JURISDICTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution and under the common law of the State of New Jersey against James Williamson, individually and in his official capacity, and against Hamilton Township. Jurisdiction over this matter is based upon 28 U.S.C. §§ 1331 and 1343 and on supplemental jurisdiction this Court has over related State law claims pursuant to 28 U.S.C. 1367.

## PARTIES

2. Plaintiff is an individual currently residing at 13 Arvida Drive, Pennington, New Jersey 08534.

3. Defendant James A. Williamson (hereinafter "Officer Williamson") was, at all times relevant to this Complaint, an individual citizen and a duly appointed police officer with the Hamilton Township Police Department, authorized to exercise the functions and perform the duties of that position, and actually engaged in the exercise of such functions and the performance of such duties.

4. Defendant Hamilton Township is a municipal corporation duly organized and existing under the laws of the State of New Jersey and employs Officer Williamson, with a principal place of business located at 2090 Greenwood Avenue, CN 00150, Hamilton, New Jersey 08650-0150.

## CAUSES OF ACTION

### COUNT I (False Arrest)

5. Plaintiff hereby repeats and incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as if set forth at length herein.

2

6. On or about January 6, 2003, Plaintiff was operating a motor vehicle in the Township of Hamilton, State of New Jersey.

7. While Plaintiff was operating her motor vehicle, Officer Williamson, while acting in the course of his duties as a Hamilton Township Police Officer, effected a motor vehicle stop of Plaintiff's vehicle.

8. During the motor vehicle stop, Officer Williamson verbally abused Plaintiff, made derogatory comments to Plaintiff about her nationality and slammed Plaintiff's cellular phone on the roof of her vehicle, destroying it.

9. Officer Williamson issued summonses to Plaintiff charging her with motor vehicle violations, as well as the disorderly persons offense of Obstruction of the Administration of Law, in violation of N.J.S.A. 2C:29-1A.

10. Officer Williamson also arrested Plaintiff, handcuffed her, used an unreasonable amount of physical force to place Plaintiff in a patrol car and transported her to the Hamilton Township Police Department Headquarters, where she remained, handcuffed, for an unreasonably long period of time in an unreasonably uncomfortable position.

11. The arrest of Plaintiff was malicious and without probable cause.

12. On June 9, 2003, Plaintiff appeared for trial in the Hamilton Township Municipal Court on the above-referenced summonses. After a trial, the municipal court judge found Plaintiff not guilty of the disorderly persons offense of Obstruction of the Administration of Law and dismissed that summons. Furthermore, Plaintiff was found guilty only of less serious motor vehicle violations than those Officer Williamson charged Plaintiff with violating.

13. As a result of Officer Williamson's actions, Plaintiff has suffered unnecessary physical injuries, humiliation and emotional trauma, as well as damage to personal property.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, consequential and punitive damages, plus interest, attorneys' fees, costs of suit and such other relief as the Court deems just and proper.

## COUNT II (Malicious Prosecution)

14. Plaintiff hereby repeats and incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as if set forth at length herein.

15. Officer Williamson initiated and pursued the prosecution of Plaintiff on the motor vehicle violations and the disorderly persons offense without probable cause to believe Plaintiff committed said violations.

16. Officer Williamson's initiation and pursuit of such charges was malicious.

17. After a trial on the merits of such charges, Plaintiff was found not guilty of the disorderly persons offense and was found guilty only of less serious motor vehicle violations than those Officer Williamson charged Plaintiff with violating.

18. As a result of Officer Williamson's actions, Plaintiff has suffered unnecessary physical injuries, humiliation and emotional trauma, as well as damage to personal property.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, consequential and punitive damages, plus interest, attorneys' fees, costs of suit and such other relief as the Court deems just and proper.

4

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. Plaintiff hereby repeats and incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as if set forth at length herein.

20. Plaintiff, whose date of birth is December 19, 1939, was 63 years of age at the time of this incident.

21. For the duration of Plaintiff's interaction with Officer Williamson, Officer Williamson spoke to Plaintiff in an abusive, antagonistic and intimidating tone of voice.

22. When Officer Williamson placed Plaintiff under arrest, he spun her around violently, handcuffed her and dragged her backwards to his patrol car. He then pushed Plaintiff into the patrol car with unnecessary force.

23. Officer Williamson refused, after Plaintiff requested that he do so, to retrieve Plaintiff's heart medication from her car.

24. Officer Williamson left Plaintiff's brother at the scene of the motor-vehicle stop in the passenger seat of her vehicle, with the car windows open to the extreme cold weather, and without the keys to the vehicle.

25. Upon arriving at the Hamilton Township Police Department Headquarters, Officer Williamson violently pulled Plaintiff out of the patrol car.

26. Plaintiff was then shackled to a stationary bar at the Police Department Headquarters for an unreasonably long period of time.

27. While at Police Department Headquarters, a Hamilton Township police officer told Plaintiff she was arrested because she was "arrogant."

5

28. Officer Williamson, and other police officers from the Hamilton Township Police Department, acted intentionally and/or recklessly.

29. Officer Williamson, and other police officers from the Hamilton Township Police Department, intended that their conduct would cause the Plaintiff emotional distress, or they acted recklessly in deliberate disregard of a high degree of probability that their actions would cause Plaintiff emotional distress.

30. Officer Williamson's conduct, and the conduct of other police officers from the Hamilton Township Police Department, was so outrageous in character and extreme in degree that it went beyond all bounds of decency.

31. Plaintiff suffered physical injury and severe emotional distress as a direct and proximate result of Officer Williamson's conduct and the conduct of other police officers from the Hamilton Township Police Department.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, consequential and punitive damages, plus interest, attorneys' fees, costs of suit and such other relief as the Court deems just and proper.

                              MASON, GRIFFIN & PIERSON, P.C.
                              Attorneys for Plaintiff, Lucienne J. Wolfson

By: _____
      Charles F. Harris

Dated: February 3, 2004

## JURY DEMAND

Plaintiff hereby demand a trial by jury of all issues in this action.

MASON, GRIFFIN & PIERSON, P.C.
Attorneys for Plaintiff, Lucienne J. Wolfson

By: _____
Charles F. Harris